IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| CARL KOTAY GRAHAM, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. ) | 1:14CV719<br>1:06CR267-1 |

RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Petitioner, a federal prisoner convicted and sentenced in this Court, filed a Motion [Doc. #106] to vacate, set aside or correct sentence under 28 U.S.C. § 2255. On October 12, 2006, Petitioner was convicted of one count possession with intent to distribute cocaine base in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B) and one count of possession with intent to distribute cocaine hydrochloride in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C). The Government filed an Information of Prior Conviction [Doc. #13] under 28 U.S.C. § 851. In addition, Petitioner was found to be a career offender under § 4B1.1 of the advisory United States Sentencing Guidelines. He received concurrent sentences of 360 months of imprisonment for both counts, to be followed by eight years of supervised release for the cocaine base conviction and a concurrent six years of supervised release for the cocaine hydrochloride conviction.

Petitioner's Motion raises a claim for relief contending that his sentence is invalid in light of the decision of the Court of Appeals for the Fourth Circuit in United States v.

Simmons, 649 F.3d 237 (4th Cir. 2011), because the prior state conviction used to enhance his sentence under § 851 was not punishable by more than one year of imprisonment. The Court stayed the case pending resolution of United States v. Foote, No. 13-7841 (4th Cir.), which was before the United States Court of Appeals for the Fourth Circuit. The Fourth Circuit later decided Foote and held that a challenge to a career offender designation under the advisory Guidelines based on Simmons is not the type of alleged sentencing error that can be corrected on collateral review. United States v. Foote, 784 F.3d 931, 943 (4th Cir. 2015). The Court also stayed the case pending resolution of similar jurisdictional issues raised in United States v. Surratt, No. 14-6851 (4th Cir.), which was pending before the United States Court of Appeals for the Fourth Circuit. Surratt was later dismissed on other grounds, United States v. Surratt, 855 F.3d 218 (4th Cir. 2017), and this Court then continued the stay in these types of cases pending a decision in United States v. Wheeler, No. 16-6073, which was before the Fourth Circuit and which involved the same jurisdictional issues as did Surratt. The Fourth Circuit subsequently issued its decision in Wheeler, concluding that the court would lack jurisdiction over a second or successive motion under § 2255, but that the court could consider such a claim under 28 U.S.C. § 2241, based on the Savings Clause of § 2255, where the claim raised a Simmons challenge to "a sentence issued with an erroneously increased mandatory minimum." United States v. Wheeler, 886 F.3d 415 (4th Cir. 2018), cert. denied, ___ U.S. ___, 139 S. Ct. 1318 (2019).

The Court next ordered the parties to file further briefing addressing Petitioner's claims in light of Wheeler. This led the Government to file a Response [Doc. #144] raising certain procedural defenses and arguing that Petitioner could not challenge his sentence even based

2

on Wheeler. The Court then ordered briefing in light of Braswell v. Smith, 952 F.3d 441 (4th Cir. 2020), prompting the Government to file a Supplement [Doc. #154]. Petitioner filed a Reply [Doc. #156] and the matter is now before the Court for a ruling.

In its recent Supplement, the Government still notes that Petitioner pursued a prior § 2255 Motion, which would mean that the Court could not consider his current Motion because it would constitute a second or successive § 2255 Motion that he did not receive permission to file. However, the Government now takes the position that Petitioner's Motion can be accepted as a Petition under 28 U.S.C. § 2241 and granted by this Court based on the § 851 enhancement applied in his case. Although federal convictions and sentences must ordinarily be challenged under § 2255, relief pursuant to § 2241 is available to petitioners seeking to challenge the validity or legality of their conviction or sentence where a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 is inadequate or ineffective. See 28 U.S.C. § 2255; In re Jones, 226 F.3d 328, 333 (4th Cir. 2000). This occurs "when: (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect." Wheeler, 886 F.3d at 429. Here, Petitioner's sentence was lawful when entered, but the substantive law changed with the decision in Simmons subsequent to his prior § 2255 motion. Petitioner cannot use Simmons to meet the gatekeeping requirements of § 2255(h)(2) because it is circuit, not

3

Supreme Court, case law. Finally, an erroneous statutory mandatory sentence based on an invalid § 851 enhancement is a fundamental defect which can be raised under § 2241. Wheeler, 886 F.3d at 430. Following the Fourth Circuit's recent decision in Braswell, this is true even if the petitioner was sentenced based on the advisory Guidelines, since an erroneous increase in the statutory sentence "prevents the sentencing court from exercising the proper range of its sentencing discretion." Braswell, 952 F.3d at 450 (internal quotation and citation omitted).[1] Based on Wheeler and Braswell, the Government now concludes that Petitioner's Motion can be considered as a petition under § 2241, that it should be granted, and that Petitioner should be resentenced.

The Court treats the concession of the Government as affirmatively waiving any affirmative defenses that might otherwise apply to this claim.[2] The parties thus appear to agree that the § 2255 Motion should be treated as a § 2241 Petition, and that Petitioner should be resentenced. In addition, although venue is ordinarily proper on a § 2241 Petition in the district where the Petitioner is incarcerated, see Kanai v. McHugh, 638 F.3d 251, 258 (4th Cir. 2011), the Government now raises no objection to venue and instead agrees that the Court should resentence Petitioner. The parties thus agree that Petitioner's Motion should be

---

[1] The Court in Braswell nevertheless confirmed that a challenge to only an erroneous advisory Guidelines range, with no change in the mandatory statutory sentencing range, would not raise a fundamental defect or complete miscarriage of justice, based on the decision in Foote.

[2] Because the Court construes the Government's concession as a waiver of any waivable defenses that might otherwise apply the Court will proceed on the basis of that waiver. See Day v. McDonough, 547 U.S. 198, 202 (2006) (holding that it would be "an abuse of discretion to override a State's deliberate waiver of a limitations defense"); Wood v. Milyard, 132 S. Ct. 1826, 1830 (Apr. 24, 2012) ("A court is not at liberty, we have cautioned, to bypass, override, or excuse a State's deliberate waiver of a limitations defense."); see also Yeatts v. Angelone, 166 F.3d 255, 261 (4th Cir. 1999) ("[T]he issue of procedural default generally is an affirmative defense that the state must plead in order to press the defense thereafter.").

4

considered under 28 U.S.C. § 2241 and that pursuant to the § 2241 Petition, Petitioner's sentence may be vacated.

The Court has reviewed the state court judgment reflecting Petitioner's prior conviction for possession with intent to sell or deliver cocaine that was set out in the Information of Prior Conviction, and the Court notes that Petitioner's prior conviction is reflected as a Class H felony with a prior record level of III, sentenced pursuant to a plea agreement. The maximum sentence he faced for that offense under North Carolina law, as analyzed in <u>Simmons</u>, was 12 months or less. <u>See</u> N.C. Gen. Stat. § 15A-1340.17(c) and (d) (for offenses committed after Dec. 1, 1994). Therefore, having reached this conclusion and in light of the agreement of the parties, this Court will recommend that Petitioner's Motion be granted as to his challenge to his § 851 enhancement.

The Court has "broad and flexible power" in fashioning a remedy when granting relief on collateral review. <u>See</u> <u>United States v. Hadden</u>, 475 F.3d 652, 669-72 (4th Cir 2007). Here, the Government suggests that the case should be set for resentencing. In his Reply, Petitioner agrees with that relief. Therefore, this Court will recommend that the case be set for resentencing.[3]

---

[3] Also pending is a Motion [Doc. #150] by Petitioner for relief under the First Step Act of 2018. The current Recommendation does not address that Motion, which will be handled separately.

5

IT IS THEREFORE RECOMMENDED that Petitioner's Motion [Doc. #106] to vacate, set aside, or correct sentence under § 2255 be GRANTED, that the Petitioner's sentence be VACATED, and that this case be set for resentencing.

This, the 12th day of June, 2020.

/s/ Joi Elizabeth Peake  
United States Magistrate Judge